# SECOND DEPARTMENT

AT

# GENERAL TERM,

## February, 1890.

55  445
121a 716

---

## THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE E. CARRIGAN v. THE BOARD OF POLICE FOR THE CITY OF YONKERS.

*Police force of Yonkers — " absence, without leave," from roll-call, when not a ground for dismissal — 1873, chap. 163, sec. 31.*

An absence from roll-call, which was necessitated by a real and serious illness, does not constitute the offense of " absence without leave" for which a member of the Board of Police of the City of Yonkers can, under the provisions of section 31 of chapter 163 of the Laws of 1873, be removed from office.

CERTIORARI to review the determination of the police commissioners of the city of Yonkers in removing the relator from the police force of said city.

The petition of the relator alleged that, in pursuance of chapter 163 of the Laws of 1873, and the amendments thereto, there had existed since 1873, in the city of Yonkers, the Board of Police for the City of Yonkers, composed of four commissioners; that the petitioner, on July 27, 1887, was duly appointed a patrolman on the Yonkers police force; that on December 27, 1888, the petitioner was taken with a disease, which for a time confined him to bed and prevented him from doing active police duty. The relator was charged, among other things, with a violation of rule 10, which provides for the punishment of a member of the police force because " of absence

without leave;" also with a violation of rule 213, which provides for his punishment when loss of time arises from " sickness or disability, feigned or simulated, or when it arises from carelessness, improper or vicious conduct, excessive indulgence of appetite or other bad habit."

*John F. Brennan*, for the relator.

*J. P. Sanders*, for the police commissioners.

PRATT, J. :

The testimony of the police surgeon proved relator's illness to be real and serious.   It was a valid ground for his absence from duty, and he requested his physicians to make a report of his illness to the police authorities, which report was, in fact, made, although not till half an hour after roll-call.   Such an absence from roll-call does not constitute the offense of " absence without leave " for which he could legally be removed from office.   Nor was the charge of misleading the police surgeon established.   He requested his physician to inform the police surgeon of his illness, which was, in fact, done. The surgeon was not misled.   He was not only notified of the illness, but of its nature, and the treatment pursued.   After such notice from relator's physician there was no reason why relator should give any further information on the subject.

The evidence does not establish that the illness was the result of misconduct.   Other possible causes were given by the police surgeon. There is no presumption in favor of crime, and the legal presumption is the other way.

It follows that relator's discharge from the police force was unauthorized, and the proceedings must be reversed.

BARNARD, P. J., concurred.

Order dismissing relator reversed.